UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| LAWRENCE MURRAY, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 05-0514 (JGP) |
| FRANCIS HARVEY, Secretary of the Army, | ) ) ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM OPINION**

This matter is before the Court on consideration of defendant's motion to dismiss or, in the alternative, to transfer. Having considered defendant's motion, plaintiff's opposition, and the record of this case, this action will be transferred to the United States District Court for the Eastern District of Virginia.

I. BACKGROUND

Plaintiff, "a Black adult male citizen of the United States, over forty (40) years of age," was employed by the United States Department of the Army at Fort Belvoir in Virginia. Compl., ¶¶ 3-5. Defendant terminated his employment for reasons that allegedly violate Title VII of the Civil Rights Act ("Title VII"), *see* 42 U.S.C. § 2000e *et seq.*, and the Age Discrimination in Employment Act ("ADEA"), *see* 29 U.S.C. § 621 *et seq*. Plaintiff challenged his termination by pursuing a discrimination claim before the Equal Employment Opportunity Commission ("EEOC"). *See id.*, ¶ 5. The EEOC

1

affirmed the Department of the Army's decision to terminate plaintiff's employment, and plaintiff apparently received the decision on November 27, 2004.[1]  *Id.*, Ex. (EEOC Decision dated November 24, 2004).  He then filed the instant civil action, which the Clerk of Court entered onto the Court's electronic docket on March 14, 2005.  *See* Dkt. #1 (Complaint).

## II.  DISCUSSION

### *A.  Plaintiff filed his complaint timely*.

A plaintiff must commence a civil action under Title VII or the ADEA in a federal district court within 90 days after receipt of right-to-sue letter from the EEOC.  *See* 42 U.S.C. § 2000e-16(c); 29 C.F.R. § 1614.407.  Defendant assumes that plaintiff received the EEO decision no later than November 29, 2004, and asserts that plaintiff did not file the complaint until March 14, 2005, approximately 102 days later.  Defendant argues, then, that plaintiff's claims are barred as untimely.

Review of the Court's official records showed that the Clerk of Court received plaintiff's complaint and application to proceed *in forma pauperis* for the first time on February 14, 2005.[2]  *See* Dkt. #1-2.  The Court granted plaintiff's application to

---

[1] There is a handwritten notation in the upper right corner of the first page of the EEOC decision indicating receipt on "27 Nov 04."  Compl., Ex. (EEOC Decision dated November 24, 2004).

[2] The first page of plaintiff's original complaint, maintained in the Clerk's Office, bears two date stamps, indicating receipt by the Clerk of Court on February 14, 2005 and February 22, 2005.  The first date is crossed out, suggesting that either the complaint or the accompanying application to proceed *in forma pauperis* may have been deficient in some way.  It appears that plaintiff resubmitted his papers, and the Clerk accepted them, on February 22, 2005.

proceed *in forma pauperis* on March 2, 2005. *See* Dkt. #2. The Clerk officially filed the complaint on the Court's electronic docket on March 14, 2005. *See* Dkt. #1.

The ninety day period for filing a complaint in court operates as a statute of limitations which may be tolled for equitable considerations. *See Mondy v. Secretary of the Army*, 845 F.2d 1051, 1055-57 (D.C. Cir. 1988). The time between the Clerk's receipt of the complaint and application to proceed *in forma pauperis* and Court's ruling on the application is tolled. *See Washington v. White*, 231 F.Supp.2d 71, 75 (D.D.C. 2002); *Guillen v. National Grange*, 955 F.Supp. 144, 145 (D.D.C. 1997) (tolling 90-day limitations period upon presentation of complaint accompanied by petition to proceed *in forma pauperis*). Plaintiff is not responsible for the lapse of time between submission of his complaint and application to proceed *in forma pauperis* to the Clerk and the official filing of these papers on the Court's electronic docket. The Court does not penalize a plaintiff for any delay caused by its own internal administrative processes. *See Hogue v. Roach*, 967 F.Supp. 7, 8 (D.D.C. 1997) (administrative delay for correction of deficiencies in application to proceed *in forma pauperis* irrelevant to issue of timeliness of filing Title VII complaint).

*B. Venue is proper in the Eastern District of Virginia.*

In the alternative, defendant argues that venue in this district is improper. The Court agrees.

There is a clear preference for adjudication of employment discrimination claims in the judicial district most concerned with the alleged discrimination. *See Stebbins v. State Farm Mutual Auto. Ins. Co.*, 413 F.2d 1100, 1102-03 (D.C. Cir.), *cert.*

*denied*, 396 U.S. 895 (1969).  The proper forum for adjudication of employment claims under Title VII is:

> in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3).  Under the ADEA, which contains no independent venue provision, plaintiff's age discrimination claim may be brought:

> only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b).  By these standards, this action should proceed in the United States District Court for the Eastern District of Virginia.

Plaintiff was terminated for allegedly discriminatory reasons from his employment at Fort Belvoir, and he would have worked in Virginia but for defendant's alleged unlawful employment practices.  In addition, relevant employment records likely would be found in Virginia.  In the interest of justice, the Court will transfer this action to the district where venue is proper.  *See Asim El v. Belden*, 360 F.Supp.2d 90, 93 (D.D.C. 2004); 28 U.S.C. § 1406(a).

### III.   CONCLUSION

The Court concludes that plaintiff timely filed his complaint, and that defendant's motion to dismiss must be denied.  Because venue in this district is improper, in the interest of justice, the Court will transfer this action to the United States District Court for the Eastern District of Virginia.  An Order consistent with this Memorandum Opinion will be issued separately on this same date.

/s/
JOHN GARRETT PENN
United States District Judge

Date:  January 24, 2006